## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHARLES YOUNG,
an individual,

        Plaintiff,

Case No.: 5:23-cv-00107

v.

WE FLORIDA FINANCIAL,
a foreign for-profit corporation,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company,
TRANS UNION, LLC,
a foreign limited liability company, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

        Defendants.

_____/

## **COMPLAINT**

**COMES NOW**, Plaintiff, CHARLES YOUNG (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, WE FLORIDA FINANCIAL (hereinafter, "WFF"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax"), TRANS UNION, LLC (hereinafter, "Trans Union"), and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## **PRELIMINARY STATEMENT**

1.    This is an action brought by an individual consumer for damages for

1

WFF's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein WFF improperly credit-reported and subsequently verified objectively-inaccurate information related to a consumer debt account allegedly owed to WFF on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax, Trans Union, and Experian.

2.      This is an action for damages for Equifax's, Trans Union's, and Experian's violations of the FCRA wherein Equifax, Trans Union, and Experian continued to incorrectly report said account as a derogatory, negative, or adverse account with late payment information, despite Plaintiff's repeated disputes to Equifax, Trans Union, and Experian explaining and proving that the account was not late.

## JURISDICTION, VENUE & PARTIES

3.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

4.      Defendants are subject to the jurisdiction of this Court, as WFF, Equifax, Trans Union, and Experian each regularly transact business in this District.

5.      Venue is proper in this District as Defendants regularly conduct business in this District, and the acts and transactions described herein occur in this District.

6.      At all material times herein, Plaintiff is a natural person residing in Lake County, Florida.

7.      At all material times herein, WFF is a domestic profit corporation existing under the laws of the state of the State of Florida with its principal place of

business located at 1982 N State Road 7, Fort Lauderdale, Florida 33304.

8.    At all material times herein, Equifax is a foreign limited liability company existing under the laws of the State of Georgia, with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

9.    At all material times herein, TransUnion is a foreign limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 55 West Adams Street, Chicago, Illinois 60661.

10.    At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

11.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies

the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

14.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

15.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that

compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

19.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and was allegedly obligated to pay a debt.

20.     At all material times herein, WFF, itself and through its subsidiaries, regularly services consumer credit and credit-reports information associated with the same in Lake County, Florida.

21.     At all material times herein, WFF is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.     At all material times herein, WFF reports information concerning consumer loan accounts to Equifax, Trans Union, and Experian, including but not limited to, a WFF Auto Loan Account, referenced by account number beginning 42- (hereinafter, the "Account").

23.     At all material times herein, WFF furnishes information concerning the Account to Equifax, Trans Union, and Experian—including the reporting of inaccurate information—which continued even after Plaintiff's repeated disputes of the inaccurate reporting of the Account.

24.     WFF furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt account to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent account, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

25.     At all material times herein, Equifax, Trans Union, and Experian are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax, Trans Union, and Experian disburse such consumer reports to third parties under contract for monetary compensation.

26.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

27.    All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## DEFENDANTS' CREDIT REPORTING OF THE ACCOUNT

28.    In or around September 2019, Plaintiff opened the Account.

29.    The monthly payment on the Account was due on the 28th of each month.

30.    In or around November 2020, Plaintiff attempted to pay the monthly payment on the Account via telephone as he had done monthly, dating back to the creation of the Account, but he was unable to make his payment because WFF did not answer the telephone.

31.    More specifically, WFF did not answer the telephone because WFF closed its offices early the week of Thanksgiving.

32.    On or about December 1, 2020, Plaintiff was finally able to get in touch with WFF and WFF posted the November 2020 payment.

33.    On or about December 22, 2020, Plaintiff made payment to WFF for the month of December 2020.

34.    As such, Plaintiff was never late on the December 2020 payment, and any reporting of late payment information as to November 2020 is materially misleading as Plaintiff was unable to post the November 2020 payment on time because WFF was unreachable due to voluntarily closing its offices.

35.    Prior to April 8, 2021, Plaintiff obtained copies of his credit reports from

Equifax, Trans Union, and Experian, and Plaintiff's credit reports showed the WFF Account as 30 days late and/or past-due for the months of November 2020 and/or December 2020.

36.    On or about April 8, 2021, WFF contacted Plaintiff via email advising that WFF would remove late marks on the Account due to otherwise timely payment history, and due to the fact that WFF closed early for the holidays and was unreachable during normal business hours.

37.    Again, WFF explicitly acknowledged it would remove any late remarks.

38.    In or around October 2021, Plaintiff obtained copies of his consumer disclosure reports from Equifax, Trans Union, and Experian.

39.    Despite WFF's advising Plaintiff it would remove the late payment information on the Account, WFF continued to report the Account to Equifax, Trans Union, and Experian with late payment information for the months of November 2020 and/or December 2020, resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

40.    On or about October 22, 2021, Plaintiff sent an e-mail to WFF advising WFF that late payment remarks remained on Plaintiff's credit reports despite WFF agreeing to remove such information.

41.    In or around October 2021, Plaintiff disputed the late payment information on the Account to Equifax, Tran Union, and Experian.

42.    Equifax, Trans Union, and Experian received Plaintiff's October 2021 dispute.

43.     Equifax, Trans Union, and Experian communicated Plaintiff's October 2021 dispute to WFF.

44.     WFF received notice of Plaintiff's October 2021 dispute from Equifax, Trans Union, and Experian.

45.     Despite Plaintiff's disputes to Equifax, Trans Union, and Experian, Defendants failed to remove the 30 day late/past-due remarks from Plaintiff's WFF Account and continued to report false, inaccurate, and materially misleading information.

46.     More specifically, following Plaintiff's October 2021 dispute, Experian and WFF continued to report the Account as 30 days late in November 2020 while Equifax, Trans Union, and WFF continued to report the Account as 30 days late in December 2020.

47.     In January and February 2022, Plaintiff obtained copies of his consumer disclosure reports from Equifax, Trans Union, and Experian. Please see attached true and correct copies of relevant pages from Plaintiff's Experian, Trans Union, and Equifax credit reports labeled as Composite Exhibit "A."

48.     Despite Plaintiff's dispute of WFF's reporting of the Account, Defendants continued to report the Account with 30-day late remarks, resulting in the Account being reported as a derogatory, negative, or adverse tradeline account. *See* Composite Exhibit "A."

49.     Specifically, Experian reported the Account as 30-days late for November 2020 and did not mark the Account as disputed.

50.    Experian's and WFF's reporting of the Account as 30 days late in November 2020 and Experian's failure to mark the Account as disputed is inaccurate and/or materially misleading.

51.    Additionally, Equifax and Trans Union each reported the Account as 30-days late for December 2020 and did not mark the Account as disputed. To be clear, Plaintiff was never late for December 2020.

52.    Equifax's, Trans Union's, and WFF's reporting of the Account as 30 days late in December 2020 is inaccurate.

53.    On or about February 23, 2022, Plaintiff *again* communicated with WFF via email advising WFF that the late payment information had not been updated as previously asserted by WFF.

54.    On or about March 14, 2022, WFF responded (incorrectly) to Plaintiff's email stating that its promise to remove late information with respect to the month of October 2020 and not November 2020.

55.    Plaintiff was not 30 days late on the Account for the month of October 2020.

56.    In February 2022 or March 2022, Plaintiff again disputed WFF's reporting of the Account to Equifax, Trans Union, and Experian.

57.    Equifax, Trans Union, and Experian each received at least two (2) disputes from Plaintiff regarding the WFF Account since January 1, 2021.

58.    In or around April 2022, Plaintiff obtained a copy of his consumer disclosure report from Experian. Please see attached true and correct copies of relevant

10

pages from Plaintiff's consumer disclosure report from Experian report labeled as Exhibit "B."

59.     Finally, Plaintiff's April 2022 Experian report marked the Account as open/never late and included a comment stating "[t]his item remains unchanged from our processing of your dispute in Oct 2021." *See* Ex. B.

60.     In or around September 2022, Plaintiff obtained a copy of his consumer disclosure report from Equifax. Please see attached true and correct copies of relevant pages from Plaintiff's consumer disclosure report from Equifax report labeled as Exhibit "C."

61.     Despite reporting the Account as having positive payment history for every month, Equifax also inaccurately reported the Account as a "charged off account" from November 2021 to July 2022 in the comments section. *See* Ex. C.

62.     In or around September 2022, Plaintiff obtained a copy of his consumer disclosure report from Trans Union. Please see attached true and correct copies of relevant pages from Plaintiff's consumer disclosure report from Trans Union report labeled as Exhibit "D."

63.     Importantly, as of September 2022, Trans Union reported the Account as "Paid" and "Closed" with no late payment history.

## DAMAGES

64.     As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account, and that

Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

65.     Between approximately October 2021 and April 2022, Equifax, Trans Union, and Experian each prepared and published Plaintiff's credit information to Plaintiff's current creditors and potential lenders which included the WFF Account reported as thirty (30) days late in either November 2020 or December 2020 and which failed to mark the WFF Account as disputed by Plaintiff.

66.     More specifically, Defendant prepared and published Plaintiff's credit information between October 2021 and April 2022 resulting in account review inquires and promotional inquires on Plaintiff's credit report as maintained by Equifax, Trans Union, and Experian.

67.     Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct.

68.     Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

69.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

70.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications while the WFF Account errors remained on

his credit reports as Plaintiff believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

71.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite the Account not being thirty (30) late or past due—or despite such information being materially misleading—Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

72.     WFF is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Equifax, Trans Union, and Experian correct the Account on Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

73.    As described above, despite receiving notice of Plaintiff's disputes, WFF willfully and/or negligently continued to unlawfully report derogatory, late payment information to Equifax, Trans Union, and Experian.

74.    After receiving notice of Plaintiff's repeated disputes via Equifax, Trans Union, and Experian, WFF inaccurately verified and or certified its falsely derogatory reporting of the Account and failed to request that Equifax, Trans Union, and Experian correct the Account, which ultimately reflected negatively and adversely on Plaintiff's Equifax, Trans Union, and Experian credit reports and credit files.

75.    More specifically, after receiving Plaintiff's disputes from Equifax, Trans Union, and Experian, WFF continued to report the Account to Experian as thirty (30) days past due in November 2020 and continued to report the Account to Equifax and Trans Union as thirty (30) days late in December 2020.

76.    WFF's refusal to request that Equifax, Trans Union, and Experian correct the tradeline associated with the Account was intentionally, willfully, and knowingly done as WFF clearly possessed knowledge that the Account was not past due or late.

77.    WFF's re-investigations were not conducted in good faith.

78.    WFF's re-investigations were not conducted reasonably.

79.    WFF's re-investigations were not conducted using all information reasonably available to WFF.

80.    As a result of WFF's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making

additional credit applications as he believed he would not be able to obtain favorable credit terms as a result of WFF's derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

81.    WFF's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

82.    WFF's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

83.    Equifax, Trans Union, and Experian are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

84.    Equifax, Trans Union, and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

85.    Specifically, despite Plaintiff's repeated disputes advising Equifax, Trans Union, and Experian of the inaccurate reporting of the Account, Equifax, Trans Union, and Experian continued to unlawfully report the Account with late payment information for the month of November 2020 or December 2020 resulting in the Account being reported as a derogatory, negative, or adverse account.

86.    Further, Equifax, Trans Union, and Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Equifax, Trans Union, and Experian credit reports and credit file.

87.    For example, despite Plaintiff's repeated disputes of the inaccuracies in his credit reports with respect to the Account, Equifax, Trans Union, and Experian did not request any documents from WFF supporting WFF's reporting of the Account.

88.    Such reporting of the Account is false and evidences Equifax, Trans Union, and Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

89.    Importantly, Equifax, Trans Union, and Experian possessed actual knowledge that the Account was not late or past due from *no less than* two (2) disputes sent directly to Equifax, Trans Union, and Experian, enabling Equifax, Trans Union,

and Experian to easily identify that the Account should be corrected on Plaintiff's Equifax, Trans Union, and Experian credit reports and credit file.

90.   Additionally, in Plaintiff's September 2022 report from Equifax, despite Equifax reporting the Account as having positive payment history for every month, Equifax also reported the Account as a "charged off account" from November 2021 to July 2022.

91.   As a result of Equifax's, Trans Union's, and Experian's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

92.   Between approximately October 2021 and April 2022, Equifax, Trans Union, and Experian each prepared and published Plaintiff's credit information to Plaintiff's current creditors and potential lenders which included the WFF Account reported as thirty (30) days late in either November 2020 or December 2020 and which failed to mark the WFF Account as disputed by Plaintiff.

93.   More specifically, Defendant prepared and published Plaintiff's credit information between October 2021 and April 2022 resulting in account review inquires and promotional inquires on Plaintiff's credit report as maintained by Equifax, Trans

Union, and Experian.

94.    Overall, Plaintiff suffered damage to his credit reputation as a result of Defendants' conduct.

95.    Equifax's, Trans Union's, and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

96.    Equifax's, Trans Union's, and Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT THREE:
### FAIR CREDIT REPORTING ACT –
### <u>VIOLATION OF 15 USC, SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)</u>

Plaintiff re-alleges paragraphs one (1) through seventy-one (71) as if fully restated herein and further states as follows:

97.    Equifax, Trans Union, and Experian are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any

18

information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

98.    Specifically, Equifax, Trans Union, and Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

99.    For example, rather than conduct its own, independent re-investigation, Equifax, Trans Union, and Experian solely relied on WFF's blanket and parroted assertions that it was entitled to report the Account with derogatory and late payment information for the months of November 2020 and December 2020.

100.    Equifax, Trans Union, and Experian did not request any documents from WFF corroborating information furnished and verified by WFF to Equifax, Trans Union, and Experian regarding Plaintiff and the Account in response to any of Plaintiff's disputes.

101.    Despite receiving Plaintiff's disputes, which explained that the Account was not late or past due, allowing Equifax, Trans Union, and Experian to determine that the Account must be corrected on Plaintiff's credit reports and credit file, Equifax, Trans Union, and Experian *continued* to report the Account with derogatory, late payment information, causing the Account to be reported as a derogatory, negative, or adverse account. Equifax, Trans Union, and Experian's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

102.    Furthermore, following Plaintiff's initial disputes, Equifax, Trans Union, and Experian failed to mark the WFF Account as disputed by Plaintiff.

103.    As such, Equifax's, Trans Union's, and Experian's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate, incomplete, and/or materially misleading, and Equifax, Trans Union, and Experian failed to subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

104.    Such reporting is false, incomplete, and materially misleading, and evidences Equifax's, Trans Union's, and Experian's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

105.    Equifax's, Trans Union's, and Experian's reinvestigations of Plaintiff's disputes were not conducted reasonably.

106.    Equifax's, Trans Union's, and Experian's reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by WFF.

107.    Equifax's, Trans Union's, and Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

108.    Equifax's, Trans Union's, and Experian's reinvestigation procedures are unreasonable.

109.    Equifax's, Trans Union's, and Experian's re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Equifax, Trans Union, and Experian.

110.    Equifax's, Trans Union's, and Experian's reinvestigations were *per se* deficient by reason of these failures in Equifax, Trans Union, and Experian's reinvestigations of Plaintiff's disputes and the Account.

111.    As a result of Equifax's, Trans Union's, and Experian's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making additional credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

112.    Equifax's, Trans Union's, and Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

113.    Equifax's, Trans Union's, and Experian's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.    Judgment against WFF and Equifax, Trans Union, and Experian for maximum statutory damages for violations of the FCRA;

b.    Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages in an amount to be determined at trial;

e.     An award of attorney's fees and costs; and

f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*