# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**CHARLES YOUNG, an individual**

    **Plaintiff,**

**v.**                                                        **Case No: 5:23-cv-107-JA-PRL**

**WE FLORIDA FINANCIAL,**
**EQUIFAX INFORMATION**
**SERVICES LLC, TRANS UNION LLC**
**and EXPERIAN INFORMATION**
**SOLUTIONS, INC.,**

    **Defendants.**

_____

## ORDER

Before the Court, upon referral, is Plaintiff's motion for entry of default against Defendant, We Florida Financial ("WFF"), filed on April 25, 2023. (Doc. 26). The motion is denied because it is untimely under Local Rule 1.10(b) and, substantively, because it appears that Plaintiff has failed to properly effectuate service on WFF. M.D. Fla. Local Rule 1.10(b) (providing "twenty-eight days after a party's failure to plead or otherwise defend . . . to . . . apply for the default."); *see Collins v. Fed. Express Corp.*, Civil Action No. 21-cv-11143-ADB, 2021 U.S. Dist. LEXIS 198904, at *4-7 (D. Mass. Oct. 15, 2021) (denying entry of default where plaintiff "failed to establish that . . . [d]efendants were properly served.") (citations omitted).

As an initial matter, the motion is untimely. According to the return of service, WFF was served on February 28, 2023. (Doc. 10). Plaintiff represents that WFF's response to the complaint was due on March 22, 2023. (Doc. 26 at ¶ 5). Under Local Rule 1.10(b), Plaintiff

had until April 19, 2023, to file the instant motion, but did not file it until April 25, 2023. *See* M.D. Fla. Local Rule 1.10(b). Hence, the motion is untimely.

Next, it appears that Plaintiff has failed to meet the statutory requirements for service of process on WFF, a credit union "existing under the laws of . . . Florida [sic] with its principal place of business located at 1982 N State Road 7, Fort Lauderdale, Florida 33304." (Doc. 1 at ¶ 7). Under Federal Rule of Civil Procedure 4(h), "service of process on a business association may be effected 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process,' or by complying with state law." *Matero v. Digital Ink Americas LLC*, No. 6:22-CV-1606-CEM-LHP, 2023 WL 2756921, at *1 (M.D. Fla. Apr. 3, 2023) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Under Florida law, if a credit union fails to designate with "the Department of State a place or registered agent located within the state. . . for service of process" then "service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state." Fla. Stat. §§ 48.092, 655.0201.

Here, the return of service filed by Plaintiff shows that service was effectuated on WFF by delivering a copy of the summons, complaint, and exhibits to "Raul Tejada as Manager . . . at the address of 1982 N. State Road 7, Margate, FL 33063." (Doc. 10 at 1). Notably, this address is not the same as the one that Plaintiff represents is WFF's "principal place of business . . . 1982 N State Road 7, Fort Lauderdale, Florida 33304." (Doc. 1 at ¶ 7). Presumably, Plaintiff determined this was WFF's principal place of business based on their

information on the website for Florida's Division of Corporations.[1] However, WFF's information on this website does not specifically identify a principal place of business nor a registered agent or officer who may receive service of process.

Neither the return of service, nor Plaintiff's motion, represent that Raul Tejada is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[,]" including a "director, or business agent" of WFF. Fed. R. Civ. P. 4(h)(1)(B); Fla. Stat. §§ 48.092, 655.0201; *see U.S. Bank Nat'l Ass'n v. Sararo*, No. 2:16-CV-733-FTM-99CM, 2017 WL 1838634, at *1 (M.D. Fla. May 8, 2017) (finding proper service on financial institution that lacked a registered agent in Florida, where the plaintiff represented that it was properly served through an authorized business agent and included an affidavit from process server to that effect). Hence, it does not appear that Plaintiff has properly effectuated service upon WFF through an authorized agent or location.

Accordingly, the motion is **denied without prejudice.**

**DONE** and **ORDERED** in Ocala, Florida on May 4, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] *Available at* https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by entering "We Florida Financial" into the entity name field.